UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HARRY JENNINGS,<br><br>      Plaintiff,<br><br>v.<br><br>COMPLETE PAYMENT RECOVERY SERVICES, INC.,<br><br>      Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:19-cv-03177<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

**NOW COMES** Harry Jennings ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Complete Payment Recovery Services, Inc. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4. Plaintiff is a consumer over the age of 18 who, at all times relevant, resided in the Central District of Illinois. Plaintiff is a disabled Veteran and currently retired.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant is a collection agency with its headquarters located in St. Petersburg, Florida. Defendant's registered agent is located at 1200 South Pine Island Road, Plantation, Florida 33324 and makes collection calls throughout the country to enroll in its services, including consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several years ago, Plaintiff volunteered for a non-profit charity, which the charity used services through Godaddy.com to obtain a website domain ("subject account).

10. Plaintiff was not involved in the creation of the Godaddy.com account.

11. In or around 2016, the non-profit charity was dissolved as the President of the foundation passed away.

12. In or around April 2019, Plaintiff began receiving calls to his cellular phone, (217) XXX-5714, in an attempt to collect on the subject account. Plaintiff explained to Defendant that he does not owe the debt and is not the person it should be contacting.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5714. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Plaintiff received all calls from Defendant while residing in the Central District of Illinois.

15. Defendant primarily used the phone number (866) 838-6092 when placing calls to Plaintiff's cellular phone; however, upon information and belief, Defendant uses other phone number to place calls to Plaintiff as well.

16. Upon information and belief, the above referenced phone number ending in 6092 is regularly utilized by Defendant to make outgoing collection calls to consumers.

17. Upon answering phone calls from Defendant, Plaintiff experiences a noticeable pause, lasting three to five seconds in length, before a live representative begins to speak.

18. Upon speaking with one of Defendant's representatives, Plaintiff discovered that Defendant was trying to collect upon the subject debt on behalf of Godaddy.com for an account associated with the now-dissolved non-profit charity.

19. Soon thereafter in April 2019, Plaintiff told Defendant to stop calling him and explained that Plaintiff does not owe this debt.

20. Defendant acknowledged Plaintiff and advised that Defendant will contact Godaddy.com to resolve this.

21. Plaintiff immediately contacted Godaddy.com to inquire about the subject account. Godaddy.com confirmed that there is nothing owed on the subject account as there was a billing error that has since been corrected.

22. Despite Plaintiff's verbalized desire not to receive calls and advising that the subject account did not belong to Plaintiff, Defendant has continued to place automated collection calls to his cellular phone.

23. Plaintiff has received numerous phone calls from Defendant since asking it to stop calling.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experienced during answered calls from Defendant is instructive that an ATDS was being utilized

to generate the phone calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

30. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him.

31. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, HARRY JENNINGS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

34. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with

      intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

35. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

36. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject account. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

37. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the subject account from Plaintiff personally.

    a.  **Unfairness and Deception**

38. It was unfair and deceptive for Defendant to relentlessly contact Plaintiff through means of an ATDS when it had no reason or permission to do so. Defendant was attempting to contact an entirely different person. That fact that it was continuously calling the wrong party after being notified that Plaintiff was not the intended party is illustrative of Defendant's unfair business practice.

39. It was unfair and deceptive for Defendant to seek and collect on the subject account from the Plaintiff through relentless harassing phone calls to his cellular phone attempting to dragoon her into making a payment that he did not legally owe.

40. It was unfair and deceptive to place or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone from April 2019 through the present day, using an ATDS without his prior consent.

41. It was unfair for Defendant to continue placing calls to Plaintiff after he demanded that the calls cease on no less than 3 separate occasions.

42. Defendant's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to his cellular phone.

43. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of invasion of privacy and nuisance.

44. Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts in default or assumed to be in default to increase its profitability at the consumers' expense.

45. Upon information and belief, placing harassing phone calls to Illinois consumers who do not legally owe the debt is an unfair business practice willfully employed by Defendant and is done on a large scale.

46. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully (companies who legally place calls with consent, as authorized, and who lawfully cease calling upon requests to stop).

47. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

48. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the never-ending phone calls.

**WHEREFORE,** Plaintiff, HARRY JENNINGS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff his actual damages in an amount to be determined at trial;
c. Award Plaintiff his punitive damages in an amount to be determined at trial;
d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: July 19, 2018                                   Respectfully submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com